IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-243-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion of Plaintiff Mary Bonner for leave to proceed in forma pauperis ("IFP") in this case (Doc. 3) and for service of process at government expense (Doc. 4). Bonner brings this case pursuant to 18 U.S.C. § 983(e)(1) and Rule 41(g) of the Federal Rules of Criminal Procedure seeking to recover property that was forfeited to Defendant United States of America in the course of the government's prosecution of Bonner's former boyfriend Stephen Monigan for drug trafficking. Bonner seeks leave to proceed IFP without prepayment of the Court's ordinary filing fee of $350.00 for a civil action. *See* 28 U.S.C. § 1914(a). A federal court may permit an indigent person to bring a suit without prepayment of fees or the giving of security therefor upon presentation of an affidavit stating the assets of the applicant for leave to proceed IFP together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court may authorize a plaintiff to proceed IFP if he or she demonstrates an inability to pay the required fees and that the plaintiff's action is neither frivolous nor malicious. *See Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants, who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The essential test of whether leave to proceed IFP should be granted is whether an applicant for leave to proceed IFP will be compelled to forego basic human needs if required by a court to pay the ordinary filing fee in a case. *See Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982). On careful review of Bonner's affidavit in support of her application to proceed IFP, the Court finds that the application should be granted. It appears that Bonner has take-home pay of approximately $1,270 per month and expenses of approximately $970 per month. It also appears that Bonner's only asset is a 1999 Cadillac automobile. Accordingly, Bonner's motion for leave to proceed in forma pauperis (Doc. 3) is **GRANTED**. Because the Court finds that Bonner may proceed IFP in this case, Bonner's motion for service of process at government expense (Doc. 4) also is **GRANTED**. *See* Fed. R. Civ. P. 4(c)(3) (a court must order service at government expense if a plaintiff is granted IFP status).

    **IT IS SO ORDERED.**

    DATED: June 17, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge