# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-243-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff Mary Bonner's motion to set aside a forfeiture and for return of property pursuant to 18 U.S.C. § 983(e)(1) and Rule 41(g) of the Federal Rules of Criminal Procedure (Doc. 2) and her amended motion pursuant to Rule 41(g) and Section 983 for return of property and/or to set aside a declaration of forfeiture (Doc. 7). Bonner claims that, pursuant to federal drug statutes, Defendant United States of America seized and forfeited $10,015 in United States currency belonging to Bonner without providing Bonner notice of the forfeiture. In support of her motions, Bonner invokes 18 U.S.C. § 983(e)(1), which authorizes the Court to set aside, without prejudice to re-commencing a forfeiture action, an administrative federal forfeiture where proper notice had not been given. As noted, Bonner also invokes Rule 41(g) of the Federal Rules of Criminal Procedure as a basis for the return to her of the seized property. The government has responded to Bonner's motions. According to the declaration of Stephanie Robbins, an Assistant State's Attorney in Madison County, Illinois, that is attached to the government's response brief, the funds at issue were not forfeited by any federal agency and instead were seized by the Metropolitan

Enforcement Group of Southwestern Illinois and ultimately forfeited to the Illinois State Police pursuant to the forfeiture laws of the State of Illinois. *See* Doc. 12-1. Thus, the funds at issue were not and are not in the custody of the government and instead have been distributed pursuant to Illinois forfeiture law. *See id*.

The Court turns first to the issue of Bonner's claim for return of the seized funds pursuant to 18 U.S.C. § 983(e)(1). That statute provides, in relevant part,

> (e) Motion to set aside forfeiture. –
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C.. § 983. As already has been noted, the funds at issue were never forfeited by the government, and thus 18 U.S.C.. § 983(e)(1) does not apply in this case. *See Langbord v. United States Dep't of Treasury*, 645 F. Supp. 2d 381, 388 (E.D. Pa. 2009) (the federal government never began administrative forfeiture proceeding, and thus the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981 *et seq*., did not apply in an action purportedly brought under CAFRA by coin owners against the government seeking return of coins; the government never sent the owners notice that it intended to forfeit the coins, and it informed the owners that a forfeiture proceeding was "entirely unnecessary" and that it had no intention of seeking forfeiture of the coins). To the extent Bonner claims that she is an "innocent owner" within the meaning of CAFRA, her argument likewise is mistaken. To qualify as an innocent owner, a claimant must prove that he or she has an ownership interest within the meaning of CAFRA, which defines the term "owner" to

include "a person with an ownership interest in the specific property sought to be forfeited," and to exclude "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6). Again, inasmuch as the government never initiated any forfeiture proceedings against Bonner, the question of whether Bonner is an innocent owner for CAFRA purposes is irrelevant. Finally, under 18 U.S.C. § 981, "[t]he United States shall not be liable in any action arising out of the use of any property the custody of which was transferred pursuant to this section to any non-Federal agency," and "[t]he United States shall not be liable in any action arising out of the seizure, detention, and transfer of seized property to State or local officials." 18 U.S.C. § 981(e). Thus, even if federal officers were involved in the initial seizure of the funds at issue, they cannot be liable for the forfeiture of the funds under state law.

The Court turns next to Bonner's claim under Rule 41(g) of the Federal Rules of Criminal Procedure. That statute, titled "Motion to Return Property," provides, in relevant part,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism by which to recover property seized by the government; thus, a federal prisoner may employ Rule 41(g) after trial to recover evidence that the government no longer needs. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). However, Rule 41(g) permits only the recovery of property that is in the possession of the government. Thus, if the government does not possess the property at issue, no relief is available under Rule 41(g). *See United States v.*

*Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)."); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property *by the government*, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion.") (emphasis in original); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) ("Because the United States was not in possession of the vehicle at the time Mr. Solis filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return."). Given that the evidence submitted to the Court by the government shows that the funds at issue are not in the government's possession, Rule 41(g) has no bearing on this case. Finally, to the extent Bonner is seeking to bring an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of her constitutional rights by persons acting under color of federal law, typically a *Bivens* action may be maintained only against an individual federal officer, not the government. *See Mack v. United States*, 814 F.2d 120, 122-23 (2d Cir. 1987) ("[A] *Bivens* action will only lie against a federal government official. *Bivens* actions against the United States are routinely dismissed."); *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1479, 1488 (E.D. Wis. 1993) ("A *Bivens* action can be maintained against a defendant only in his or her individual capacity. Consequently, [the plaintiff] cannot maintain its claims for damages against the United States of America[.]") (citation omitted). In any event, as discussed, it does not appear that any federal actor has been or is in possession of the funds in dispute. The Court concludes that Bonner's action must be dismissed.

To conclude, Bonner's motions (Doc. 2, Doc. 7) are **DENIED** and this action is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  December 5, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
